**FILED**
**SEPTEMBER 27, 2022**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 38246-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MARQUIS RUSSELL SMITH, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Marquis Russell Smith appeals his life sentence for second degree murder based on a constitutional challenge to Washington's Persistent Offender Accountability Act (POAA), RCW 9.94A.030, .570. Mr. Smith is a Black man. His challenge rests on data suggesting the POAA has a discriminatory impact on people of color. Because Mr. Smith did not challenge the constitutionality of the POAA in the trial court, we lack sufficient data to assess the merits of Mr. Smith's constitutional claim. We decline review of Mr. Smith's unpreserved error under RAP 2.5(a).

## FACTS

On May 6, 2021, a jury convicted Marquis Smith of second degree murder and found he was armed with a deadly weapon. The allegations giving rise to his conviction involved the stabbing death of Mr. Smith's mother.

No. 38246-0-III
*State v. Smith*

At sentencing on May 20, the State argued Mr. Smith was a persistent offender under RCW 9.94A.030(37) and RCW 9.94A.570. Mr. Smith did not challenge this designation. Defense counsel agreed, "This is a three-strike situation. There's not much else to say." Report of Proceedings (May 20, 2021) at 17. The court imposed the mandatory sentence of life in prison without the possibility of parole under the POAA, RCW 9.94A.570.[1]

Mr. Smith now appeals from his judgment and sentence.

ANALYSIS

The sole issue raised in Mr. Smith's appeal is a challenge to the constitutionality of the POAA. Mr. Smith contends application of the POAA to his case is arbitrary and racially biased. The State answers Mr. Smith's claims do not merit review because they were not raised in the trial court and do not give rise to a claim of manifest constitutional error under RAP 2.5(a). We agree with the State.

Failure to object to an error at trial generally constitutes as waiver of the argument on review. RAP 2.5(a). An exception applies in the context of manifest constitutional error. RAP 2.5(a)(3). To be entitled to review of an unpreserved error under

---

[1] The trial court also sentenced Mr. Smith to a mandatory 24 months of confinement on the deadly weapon enhancement, and imposed $5,325.15 in legal financial obligations.

RAP 2.5(a)(3), "an appellant must demonstrate (1) the error is manifest, and (2) the error is truly of constitutional dimension." *State v. O'Hara*, 167 Wn.2d 91, 98, 217 P.3d 756 (2009).

Mr. Smith has not shown any manifest error. No existing case has held the POAA unconstitutional, and the data and statistics presented by Mr. Smith in his appellate briefing were not before the trial court at the time of Mr. Smith's sentencing. The trial court could not have been expected to foresee and correct any hypothetical error posed by Mr. Smith's sentence. Furthermore, it would not be fair to decide this case on the grounds argued by Mr. Smith without providing the State an opportunity to rebut the data he presents and to present its own data. *See also State v. Kennon*, No. 80813-3-I, slip op. at 25-28 (Wash. Ct. App. Aug. 16, 2021) (unpublished), https://www.courts.wa.gov/ opinions/pdf/808133.pdf, *review denied*, 198 Wn.2d 1039, 501 P.3d 146 (2022); *State v. Simmons*, No. 80563-1-I, slip op. at 28-29 (Wash. Ct. App. Oct. 25, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/805631.pdf, *review denied* 199 Wn.2d 1003, 504 P.3d 829 (2022).

Because Mr. Smith has not shown that error was manifest either as a matter of fact or law, review is inappropriate under RAP 2.5(a).

No. 38246-0-III
*State v. Smith*

CONCLUSION

The judgment and sentence is affirmed.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Staab, J.

4